FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO GUTIERREZ-SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70322 <br><br> Agency No. A089-522-112 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

Hugo Gutierrez-Sanchez petitions for review of a decision of the Board of

Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) determination

that he is inadmissible based on sufficient "reason to believe" that he was involved

in illicit trafficking of marijuana. Because the parties are familiar with the factual

and procedural history of this case, we repeat only those facts necessary to resolve

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not err in holding that Gutierrez-Sanchez is inadmissible because there is "reason to believe" that he "has been an illicit trafficker in [a] controlled substance." 8 U.S.C. § 1182(a)(2)(C)(i). We inquire "whether substantial evidence supports the IJ and BIA having 'reason to believe' petitioner knowingly engaged in drug trafficking based on all the evidence known to the IJ at the time of the IJ's decision." *Gomez-Granillo v. Holder*, 654 F.3d 826, 836 (9th Cir. 2011). The BIA's determination must be upheld unless "the evidence compels a contrary conclusion." *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000). The IJ and BIA relied on substantial evidence in the record including Gutierrez-Sanchez's confession that he was involved in the marijuana grow operation and that the scale, dried prepackaged marijuana, and marijuana seeds found in his room belonged to him, and on the testimony of Detective Stedman, who interviewed Gutierrez-Sanchez after the raid. Gutierrez-Sanchez's opposing testimony at his immigration hearing regarding why he confessed and who was in the charge of the grow operation does not "compel a contrary conclusion." *Id.*

We also reject Gutierrez-Sanchez's contention that the IJ failed to evaluate his credibility. While in the relief from removal context, "adverse credibility

2

findings in the eligibility phase must be express and the IJ must offer a specific, cogent reason for any stated disbelief," *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) (quotation omitted), this has not been generally extended outside of that context. *Abufayad v. Holder*, 632 F.3d 623, 631 (9th Cir. 2011); *Gomez-Granillo*, 654 F.3d at 837. Moreover, the IJ considered Gutierrez-Sanchez's testimony, along with the other evidence and testimony, and came to the ultimate conclusion that "[u]nder these circumstances, [Gutierrez-Sanchez]'s claim of innocence along with the claims made by his mother and sister in their testimony are incredible and unpersuasive." The BIA properly found that this adverse credibility finding was not erroneous.

**PETITION DENIED.**